UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

MICHAEL WASHINGTON, aka Micha Palmer,

        Plaintiff,

    v.

NICK CLARK, CHAREDA FULLER, GETS IT
LLC, BLACK POWER, YETI, CO ASHLEY,
SWAN WILLISMA, CHARGES FULLER, JACKIE
CHARGES, TINA KOTEK, TED WHEELER,
CITY OF PORTLAND, PORTLAND BUREAU
OF TRANSPORTATION (PBOT), PORTLAND
POLICE BUREAU, PORTLAND FIRE
DEPARTMENT,

        Defendants.

Case No. 3:26-cv-00032-YY

FINDINGS AND
RECOMMENDATIONS

YOU, Magistrate Judge.

## FINDINGS

*Pro se* plaintiff Michael Washington brings suit against defendants alleging the following
claims: "18 U.S.C. § 1028 (Fraud and Identity Theft); 42 U.S.C. § 1983 (Deprivation of Rights);
Supplemental Jurisdiction under 28 U.S.C. § 1367 for state claims including ORS 105.005
(Ejectment), Trespass, Assault, and Arson." Compl. 4, ECF 1. The Complaint suffers from a
multitude of deficiencies. The court explained these deficiencies to plaintiff in an order issued on
January 9, 2026, and directed plaintiff to file an amended complaint by January 30, 2026.
Plaintiff has failed to file an amended complaint. Therefore, this case should be dismissed
without prejudice.

1 – FINDINGS AND RECOMMENDATIONS

## I.      Screening Requirement Under 28 U.S.C. § 1915(e)(2)(B)(ii)

Federal law provides that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). "A pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction; . . . a short and plain statement of the claim showing that the pleader is entitled to relief; and . . . a demand for the relief sought, which may include in the alternative or different types of relief." Fed. R. Civ. P. 8(a). "Rule 8 does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2006) (citations omitted). "A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Federal courts hold a *pro se* litigant's pleadings to "less stringent standards than formal pleadings drafted by lawyers." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987); *see Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (*per curiam*) (holding a document filed *pro se* "is to be liberally construed"; a plaintiff need only give the defendant fair notice of the claim and the grounds on which it rests) (citation omitted). "Although . . . *pro se* litigant[s] . . . may be entitled to great leeway when the court construes [their] pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). Before dismissing a case for failure to state a claim, the court must provide a *pro se* litigant with notice of the deficiencies in the complaint and an opportunity to amend, unless it is apparent that amendment

would be futile. *See McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997); *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

## II.    42 U.S.C. § 1983 Claim (Deprivation of Rights)

"To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." *Long v. Cty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). "[T]he Ninth Circuit has recognized at least four ways in which a private actor may be considered to have acted under color of state law: (1) the private actor performs a public function; (2) the private actor engages in joint activity with a state actor; (3) the private actor is subject to coercion or compulsion by the government; or (4) there is a governmental nexus with the private actor." *Perez v. Perez*, No. 1:11-CV-00532 JLT PC, 2011 WL 1402858, at *2 (E.D. Cal. Apr. 13, 2011) (citing *Kirtley v. Rainey,* 326 F.3d 1088, 1092–96 (9th Cir. 2003)).

Plaintiff alleges he is the rightful owner of real property located at 4501-4525 N. Maryland Ave., and claims defendants have broken into the properties and remained there without permission as unauthorized squatters. He further alleges defendants have intentionally destroyed structures on the property and committed arson, assaulted his wife with a baseball bat, falsified documents regarding ownership, and published defamatory statements. Compl. 6, ECF 1. He claims the Portland Police Bureau and Portland Fire Department have been directly involved in fraud and facilitated or participated in the unauthorized occupancy of the property. He further claims the City of Portland and PBOT, under the leadership of Mayor Ted Wheeler and with the oversight of Governor Tina Kotek, facilitated the renaming of Montana Ave. to

Maryland Ave. without following statutory procedures, and the illegal street name has caused confusion pertaining to the title of his properties and facilitated the fraudulent claims of the other defendants. *Id*. at 13.

Plaintiff has not alleged what federal constitutional right any of the defendants allegedly violated. He also has not alleged how the "squatter" defendants are state actors. Thus, he has failed to plausibly allege a § 1983 claim against any of the defendants.

### III.    18 U.S.C. § 1028 (Fraud and Identity Theft)

Plaintiff alleges a claim for fraud and identity theft, citing 18 U.S.C. § 1028, which is a criminal statute. Courts have "rarely implied a private right of action under a criminal statute," and where they have done so, "there was at least a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone." *Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979) (citation omitted); *see also Garcia v. Jones*, No. 6:22-CV-00118-AA, 2022 WL 2754853, at *7 (D. Or. July 14, 2022) ("To the extent that Plaintiff's allegations of fraud, stalking, money laundering, and tampering with evidence assert violations of federal criminal statutes, such statutes do not generally create a private right of action or provide a basis for civil liability.") (citing *Abcarian v. Levine*, 972 F.3d 1019, 1026 (9th Cir. 2020)). Here, there is no statutory basis for inferring that a civil cause of action exists for the criminal statute that plaintiff has cited.

### IV.    State Law Claims (O.R.S. 105.005 (Ejectment), Trespass, Assault, Arson)

Plaintiff's remaining claims are for "ejectment, trespass, assault, and arson." Plaintiff does not describe which defendants allegedly committed these acts, for example, which defendants burned his property or which defendants assaulted his wife. Plaintiff also cannot bring a claim on behalf of his wife unless he is an attorney.

Moreover, where plaintiff's federal claims fail, there is no federal question jurisdiction pursuant to 28 U.S.C. § 1331. Thus, to the extent these are viable state law claims, plaintiff cannot bring them in federal court unless he alleges diversity jurisdiction pursuant to 42 U.S.C. § 1332, which he has failed to do here. Plaintiff alleges he is a citizen of Oregon and "[a]ll other named individuals are believed to be citizens of Oregon." Compl. 4, ECF 1. Therefore, plaintiff has not alleged that diversity jurisdiction exists.

## V.    Street Name Change

Finally, plaintiff alleges that "[t]he City of Portland and PBOT, under the leadership of Mayor Ted Wheeler and with the oversight/involvement of Governor Tina Kotek, facilitated or allowed the illegal renaming of Montana Ave to Maryland Ave without following statutory procedures (ORS 227.120 and Portland City Code)" and that "[t]he illegal street name change has caused confusion in title and facilitated the fraudulent claims of the other defendants." Compl. 13, ECF 1. Plaintiff fails to allege how this constitutes any kind of actionable claim in federal court.

## RECOMMENDATIONS

Because plaintiff has failed to state a valid claim for relief, this case should be dismissed without prejudice.

## SCHEDULING ORDER

These Findings and Recommendations will be referred to a district judge. Objections, if any, are due by February 27, 2026. If no objections are filed, then the Findings and Recommendation will go under advisement that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

## NOTICE

These Findings and Recommendations are not an order that is immediately appealable to the Ninth Circuit of Appeals. Any Notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of a judgment.

DATED February 9, 2026.


_____/s/ Youlee Yim You_____
Youlee Yim You
United States Magistrate Judge