UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

MICHAEL WASHINGTON, aka Micha Palmer,

      Plaintiff,

      v.

NICK CLARK, CHAREDA FULLER, GETS IT
LLC dba GITS IT REAL ESTATE LLC, LAURA
AUST, TEAL ABLE, J. MICHAEL HARRIS,
TORRY BLACK, YTI, JACKIE CHARGES DAVIS,
DONALD, SEAN WILLIAMS, VERA POOL, ABLE,
LEWIS, and ALL OTHER UNAUTHORIZED
OCCUPANTS/SQUATTERS AT 4501-4525 N
MARYLAND AVE. ALLEY and the MONTANA
ALLEY,

      Defendants.

Case No. 3:26-cv-00032-YY

FINDINGS AND
RECOMMENDATIONS

YOU, Magistrate Judge.

**FINDINGS**

On March 2, 2026, the court dismissed without prejudice plaintiff's original complaint because it was deficient in numerous respects. Plaintiff has filed an amended complaint that fails to cure those deficiencies. *See* ECF 12 at 5–12. Therefore, this case should be dismissed without prejudice and the case should be closed.

In his amended complaint, plaintiff again brings claims under 42 U.S.C. § 1983, 18 U.S.C. § 1028, and ejectment and trespass. Plaintiff has also added a claim of fraudulent misrepresentation. Some defendants have remained the same, some have been removed, and some have been added. Like the original complaint, plaintiff's claims center around the assertion

1 – FINDINGS AND RECOMMENDATIONS

that he owns property located at 4501-4525 N. Maryland Ave., the Maryland Ave. alley, and the Montana alley, and he claims that defendants have violated federal and state laws by unlawfully obtaining title to the property and occupying it without his permission.

As before, plaintiff's § 1983 claim fails because he has not sufficiently alleged that defendants are state actors. 42 U.S.C. § 1983 is "not a standalone source of substantive rights" but "creates a cause of action for violations of the federal Constitution and laws by officials acting under the color of law." *Chung v. Cnty. of Santa Clara*, 614 F. Supp. 3d 709, 718 (N.D. Cal. 2022). Plaintiff alleges that defendants acted "under color of law by misusing the state court system, obtain[ing] fraudulent restraining orders and fil[ing] fraudulent property records to deprive" him of his "Fourteenth Amendment right not to be deprived of property without due process of law." However, defendants, who are private individuals, did not become state actors simply by availing themselves of legal remedies under the court system and filing paperwork with government entities.

Plaintiff's claim under 18 U.S.C. § 1028, a criminal fraud statute, also fails for the same reason it did before. Courts have "rarely implied a private right of action under a criminal statute," and where they have done so, "there was at least a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone." *Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979) (citation omitted); *see also Garcia v. Jones*, No. 6:22-CV-00118-AA, 2022 WL 2754853, at *7 (D. Or. July 14, 2022) ("To the extent that Plaintiff's allegations of fraud, stalking, money laundering, and tampering with evidence assert violations of federal criminal statutes, such statutes do not generally create a private right of action or provide a basis for civil liability.") (citing *Abcarian v. Levine*, 972 F.3d 1019, 1026 (9th Cir. 2020)). Here, there is no statutory basis for inferring that a civil cause of action exists for 18 U.S.C. § 1028.

2 – FINDINGS AND RECOMMENDATIONS

The remaining claims for ejectment, trespass, and fraudulent misrepresentation are state law claims. Where plaintiff's federal claims fail, there is no federal question jurisdiction under 28 U.S.C. § 1331. Thus, even assuming plaintiff has alleged viable state law claims, he cannot bring these claims in federal court unless he alleges diversity jurisdiction pursuant to 42 U.S.C. § 1332, which he has failed to do. Plaintiff alleges he is a citizen of Oregon and "[a]ll other named individuals are believed to be citizens of Oregon." Am. Compl. ¶¶ 1-6, ECF 12 at 5–6. Therefore, plaintiff has not alleged that diversity jurisdiction exists.

**RECOMMENDATIONS**

Because plaintiff's amended complaint fails to state a valid claim for relief, it should be dismissed without prejudice. Because plaintiff has had two opportunities to file a valid complaint and has failed to do so, this case should be closed.

**SCHEDULING ORDER**

These Findings and Recommendations will be referred to a district judge. Objections, if any, are due by May 8, 2026. If no objections are filed, then the Findings and Recommendation will go under advisement that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

//

//

//

//

//

3 – FINDINGS AND RECOMMENDATIONS

**NOTICE**

These Findings and Recommendations are not an order that is immediately appealable to the Ninth Circuit of Appeals. Any Notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of a judgment.

DATED April 13, 2026.

_____/s/ Youlee Yim You_____
Youlee Yim You
United States Magistrate Judge