# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MICHAEL WASHINGTON**, aka **MICHA PALMER**<br><br>    Plaintiff,<br><br>    v.<br><br>**NICK CLARK, CHAREDA FULLER, GETS IT LLC** d/b/a **GITS IT REAL ESTATE LLC, LAURA AUST, TEAL ABLE, J. MICHAEL HARRIS, TORRY BLACK, YTI, JACKIE CHARGES DAVIS, DONALD, SEAN WILLIAMS, VERA POOL, ABLE LEWIS,** and **ALL OTHER UNAUTHORIZED OCCUPANTS/ SQUATTERS AT 4501-4525 N MARYLAND AVE. ALLEY** and the **MONTANA ALLEY,**<br><br>    Defendants. | Case No. 3:26-cv-32-YY<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Youlee Yim You issued Findings and Recommendation in this case on April 13, 2026. ECF 13. Judge You recommended that the Court dismiss Plaintiff Washington's amended complaint (ECF 12) with prejudice because he has failed to state a valid

PAGE 1 – ORDER

claim for relief and has not cured the deficiencies from his first complaint. No party has filed objections.

Under the Federal Magistrates Act ("Act"), the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

If no party objects, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise").

Although review is not required in the absence of objections, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Rule 72(b) of the Federal Rules of Civil Procedure recommend that "[w]hen no timely objection is filed," the court review the magistrate judge's findings and recommendations for "clear error on the face of the record."

No party having made objections, the Court follows the recommendation of the Advisory Committee and reviews Judge You's Findings and Recommendation for clear error on the face of the record. No such error is apparent. Plaintiff Washington's claims under 42 U.S.C. § 1983 fail because he has not sufficiently alleged that Defendants are state actors. *See Naffe v. Frey*, 789 F.3d 1030, 1035-36 (9th Cir. 2015) (setting forth elements of claim under § 1983). His

PAGE 2 – ORDER

claim under 18 U.S.C. § 1028, a criminal fraud statute, fails because there is no statutory basis to infer a civil cause of action to enforce that law. *See Chrysler Corp. v. Brown*, 441 U.S. 281, 316-17 (1979); *see also Silverberg v. Barsky*, 2025 WL 3187440, at *2 (D. Nev. Nov. 13, 2025) (holding that there is no private right of action under 18 U.S.C. § 1028). Without a valid federal claim, Plaintiff has failed plausibly to allege that this Court has federal question jurisdiction under 28 U.S.C. § 1331. The Court also does not have diversity jurisdiction to hear Plaintiff's remaining state law claims under 28 U.S.C. § 1332 because Plaintiff alleges that he is a citizen of Oregon and that all Defendants are citizens of Oregon. ECF 12 at 5-6, ¶¶ 1-6. Because the Court lacks subject matter jurisdiction, it must dismiss the lawsuit. *See* Fed. R. Civ. P. 12(h)(3).

The Court ADOPTS Judge You's Findings and Recommendation, ECF 13. The amended complaint, ECF 12, is DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**

DATED this 9th day of June, 2026.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 3 – ORDER